IN THE WESTERN DISTRICT COURT OF VIRGINIA
BIG STONE GAP DIVISION

CLERK'S OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED

JUN 19 2017

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

Melinda Scott )
Plaintiff )
V ) CL NO 2:2017-cv-10011
Andrew Carlson )
Defendant )

## Motion for Summary Judgment

Plaintiff moves this Honorable Court for Summary Judgment on the Pleadings pursuant to Rule 12(c) and Rule 56 based on the following facts and assertions by the Plaintiff:

### Irrelevant matters stated in the Responsive pleading

1. The Defendant remarks on the total revenue of the Plaintiff's business. This is irrelevant with regard to statutory damages the Plaintiff is seeking;
2. The Defendant states that the Plaintiff has not pre-registered her work. This is irrelevant, as the Plaintiff is seeking statutory damages under 17 USC Chapter 5, §504 and §501; subsequently the Plaintiff is entitled to relief under 17 USC §106A(a) and 17 USC §412;
3. The Defendant seeks to dismiss the case on several grounds but has not properly filed the Motion to Dismiss;
4. The Defendant claims he knows the total amount of statutory damages that the Plaintiff is seeking but in reality does not. No such total has yet been calculated, per the original complaint;
5. The Defendant claims he "was not aware of their copyright status" but this is a lie since the Defendant has demonstrated in his responsive pleading that he can easily obtain access to US Copyright Code online;
6. The Defendant quotes a demand for payment letter he was sent by the Plaintiff, but this is irrelevant with regard to calculating total damages under a Motion for Judgment;

7. The Defendant claims in the responsive pleading that the Plaintiff has infringed upon a musician's musical rights, although that is factually untrue.

## Matters of undisputed fact

1. The Plaintiff cannot conduct discovery with the Defendant due to an active Protective Order in the Wise County Circuit Court of Virginia. Conducting discovery would threaten the life of the Plaintiff;
2. In the Defendant's response he affirms and admits that he in fact distributed copies of the Plaintiff's videos;
3. In the Defendant's response he affirms that at least three (3) videos were distributed by calculating $2250/per day at $750/day for each video;
4. The Defendant omits a denial of distributing the videos without my consent. Pursuant to Rule 12(h)(1)(B)(ii) Defendant waived his right to defend against it;
5. The Defendant omits a denial of posting my business videos embedded with my company logo. Pursuant to Rule 12(h)(1)(B)(ii) Defendant waived his right to defend against it;
6. Although the Plaintiff stated that the company logo (which is a drawing) was infringed upon in her original Complaint, the Defendant omits a denial of posting any exceptions of 17 USC §412, including distributing a visual work of art that is not contingent upon Copyright registration. Pursuant to Rule 12(h)(1)(B)(ii) Defendant waived his right to defend against it;
7. The Defendant admits to re-distributing the videos imbedded with the company logo using a *publicly* published Playlist on YouTube. This is another form of distribution that occurred after the filing of the Pleading; Such a distribution constitutes a distortion and mutilation under 17 USC §106A(a)(2). The visual work of art was not intended to be distributed and displayed by a Stalker whose goal was to malign the reputation of the Plaintiff by associating her name, face and business alongside other slanderous videos;
8. The Defendant affirms in his responsive pleading that the videos he distributed were associated with his account;

9. The Defendant has a hostile attitude toward the Plaintiff as evident by an active Protective Order granted by the Wise County Circuit Court for a period of 2 years. In order to obtain a Protective Order under Virginia Code, the Plaintiff had to demonstrate without a reasonable doubt that the Plaintiff's stalking and threats were aimed at causing the Plaintiff fear of bodily injury;

10. The Defendant violated the Protective Order several times and now has an arrest warrant issued by Wise County, Virginia. Such behavior demonstrates that he has no regard for respecting the Plaintiff nor respecting the Protective Order. The Defendant's ongoing violations of the Protective Order demonstrate an attitude of self serving behavior, arrogance and hostility toward the Plaintiff.

## Entitlement of judgment as a matter of law

1. The presence of the Plaintiff's company logo as a drawing in each of the videos classifies as a "visual work of art" under 17 USC §101 and §106(a). It is a "drawing" under the definition of 17 USC §101. There are less than 200 copies the Plaintiff has made of this drawing. The Plaintiff is the owner of the drawing used in each of the videos. Each are signed by the presence of the Plaintiff's name appearing with the videos. Each are in chronological numbering order by the date of the YouTube postings;

2. The visual work of art appears in all of the videos the Defendant distributed;

3. The Defendant violated the Plaintiff's Copyright rights in an effort to undermine the Plaintiff's honor and reputation. By attaching his name and other slanderous videos regarding the Plaintiff along with his YouTube account the Defendant's goal was harass, intimidate, humiliate and sabotage the reputation of the Plaintiff. The Defendant has an ongoing campaign to cause loss of society, loss of consortium, and alienation from others for the Plaintiff. The Defendant seeks to attach the Plaintiff's name with his account in an effort to cause these negative events. The videos the Defendant circulated positively identify the name and face of the Plaintiff. Any reasonable person would have known that associating one's name with slanderous videos and a Stalker's account would cause emotional distress and grief, harm to reputation and would bring into question the Plaintiff's

honor. No reasonable person would consent to such treatment and would certainly not perceive such treatment as "friendly" or acceptable. Pursuant to 17 USC §504, the Court may rule for Summary Judgment up to $30,000 for each video infringed upon.

### Intent and State of Mind of Defendant

1. The Defendant has Cyber-Stalked the Plaintiff since 2015;
2. The Defendant has been under investigation for Cyber-Stalking by the FBI since August 2016;
3. The Plaintiff obtained a Protective Order against the Defendant in February 2017 barring the Defendant from any direct contact;
4. The Defendant's disposition toward the Plaintiff is one of intentionally trying to cause a bodily injury through emotional, mental or physical distress;
5. Since the Defendant has been banned by the Protective Order from contacting the Plaintiff, the Defendant has used repeated passive-aggressive attempts to harass and stalk the Plaintiff online, including but not limited to: posting her address online publicly, posting a picture of the front door of her house online publicly, researching who her neighbors are and contacting them through social media; continuing to send emails from different accounts; researching and posting her college alumni records, researching and posting her traffic and civil case court records and making audio-videos slandering the Plaintiff;
6. The Defendant's actions in distributing the videos were another passive-aggressive attempt at continued psychological terrorism against the Plaintiff;
7. The Defendant attached the videos to his account with malicious intent as evident in the babbling of the emails he has sent the Plaintiff, the correlation between the slanderous videos and her name appearing on his account, and the recent Protective Order obtained;
8. The Defendant has mis-represented and fraudulently lied in his responsive pleading to this Honorable Court, feigning that his actions were innocent and ignorant and not meant to harm the Plaintiff. Any reasonable person would have known that associating one's name, works and business with slanderous videos

and a Stalker's account would cause emotional distress and grief. No reasonable person would consent to such treatment and would certainly not perceive such treatment as "friendly" or acceptable.

## Total of Damages requested by Plaintiff

1. The Defendant distributed the Plaintiff's videos, with the visual work of art, between February 28 and March 6, 2017;
2. The Defendant distributed the Plaintiff's videos, with the visual work of art between March 8, 2017 and March 29, 2017;
3. The Defendant further distorted and mutilated her visual work of art by associating her videos with his account between March 10, 2017 and June 14th, 2017;
4. In light of the Defendant's continued willful and malicious charade of online Cyber-Stalking, harassment and attempts at psychological terrorism, including Copyright infringement, the Plaintiff asks for statutory damages for Copyright infringement during the above stated time periods in the amount of $80,000, pursuant to 17 USC §504.
5. Further, the Plaintiff requests this Honorable Court Order the immediate cessation of any use of the Plaintiff's name, face, audio of the Plaintiff, Plaintiff's address, Plaintiff's visual works of art, or Plaintiff's business material by the Defendant in any form and fashion online.

I ASK FOR THIS

Melinda Scott, *pro-se*
PO BOX 1133-2014PMB87
Richmond, Virginia
540.692.2342
mscottw@gmu.edu

## Certificate of Service

I, Melinda Scott, Plaintiff in case number 2:17-cv-10011, do hereby certify that I have mailed, pursuant to Federal Rule 5(c) a copy of this Motion for Summary Judgment to the Defendant at his last known address at: Andrew Carlson, 150 Willow Creek Avenue, Schenectady, NY, 12304 on this ___15th___ day of ___June___, 2017.

Respectfully submitted,

Melinda Scott, *pro-se*
PO BOX 1133-2014PMB87
Richmond, Virginia
540.692.2342
mscottw@gmu.edu