UNITED STATES DISTRICT COURT
for the
Western District of Virginia

| | |
|---|---|
| Melinda Scott | ) |
| Plaintiff | ) |
| | ) |
| v. | ) Civil Action No, 2:17CV10011 |
| Andrew Carlson | ) |
| | ) |
| Defendant | ) |

CLERK'S OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED

JUN 21 2017

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

**RESPONSE TO SUMMONS: MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendant, Andrew Carlson, Pro Se, hereby files this motion to dismiss the plaintiff's complaint under Rule 12 of the Federal Rules of Civil Procedure:

While it is true that I distributed three of the Plaintiff's videos, I was not aware of their copyright status, nor was it my intent to infringe on her copyright. According to 17 U.S. Code § 412, in order for the Plaintiff to sue me in federal court for statutory damages for copyright infringement, the videos in question had to have copyright registration before the alleged copyright infringement occurred. As far as I know, the Plaintiff does not have the videos' copyright registered. By March 10th, 2017, the three videos were removed from my Youtube channel. After this, I made a Youtube playlist. I took the videos from the Plaintiff's channel and added them to a public playlist on my Youtube channel. This action is not a violation of copyright law. Anyone on Youtube is allowed to make a playlist on their channel with anyone's Youtube videos added into it. A playlist does not take someone's videos and put them on one's channel as one's own videos. Rather, the playlist provides a link to their videos on their channel. If anyone were to view my playlist of the Plaintiff's videos, they would be viewing the Plaintiff's videos on the Plaintiff's channel in my playlist. They would not be viewing a copy of the Plaintiff's videos on my channel. I had a playlist containing the Plaintiff's videos on my channel up until the 1st week of

April. At that point, when I received the Plaintiff's accusations in the mail, I promptly removed the playlist and made it private even though I wasn't required or legally bound to do so. All three videos had been removed from my channel around March 10th, and were not redistributed on my channel afterward.

The Plaintiff wants $750 per day per video (a total of $2,250 per day) as relief for statutory damages. Even if I had infringed on the Plaintiff's copyright, the amount of statutory damages the Plaintiff requests is unduly high. The plaintiff's three videos currently have no monetary value. Her third video is a video which suggests people should clean up trash. In that video, she uses someone else's copyrighted music as part of her video without a license granting her permission to do so. This alone automatically invalidates her right to statutory damages for that video. The Plaintiff is not making any money off of her videos, and I have not caused any harm to the Plaintiff's reputation or business by having had her videos on my channel. It wasn't my intention to illegally distribute the Plaintiff's videos, nor to benefit or profit from the Plaintiff's videos, nor claim them as my own videos. I have not made any money off of her videos, nor have I received any benefit from her videos having been on my channel.

In the Plaintiff's letter she privately sent to me on March 29th, she stated that I must send her $31,500 as statutory damages for the three videos (I have attached the letter she sent me as an appendix to this motion as relevant evidence for consideration). The Plaintiff's motion for leave to proceed with this case in forma pauperis was granted by Judge James P. Jones on March 15th, which appears to be the date she is starting the count of $750 per day per video, since $750 per day per video for 14 days is $31,500, which is the amount she asked for on March 29th, which is 14 days after March 15th.

Since the plaintiff asked for $750 per day per video, and since the videos were removed completely

and not reloaded at all around March 10th, and since the playlist (which did not violate copyright law) was deleted before the $75,000 minimum threshold was reached, this case against me should be dismissed. Based on the Plaintiff's own amount she requested for relief, it is far below the minimum threshold permissible for diversity of citizenship jurisdiction cases, which the Plaintiff marked her lawsuit against me as being. According to 28 U.S. Code § 1332, in order for a case to have diversity of citizenship jurisdiction, it must be a minimum of $75,000. Because she is seeking less than $75,000, this court should not have any jurisdiction over me and this case should be dismissed.

Dated: 06/14/17

Signature: *Andrew Carlson*

Andrew Carlson

150 Willow Creek Avenue

Schenectady NY, 12304

518-388-0062

CERTIFICATE OF SERVICE

I, Andrew Carlson, do hereby certify that on this 14th day of June 2017, my motion to dismiss the Plaintiff's complaint was mailed to the Big Stone Gap Division of the Western District Court of Virginia, and that I mailed and emailed a copy of my motion to dismiss the Plaintiff's complaint to the Plaintiff, Melinda Scott, via her PO BOX address, PO BOX 1133-2014PMB87, Richmond VA, 23218, and via her email address TCO.OutdoorRec@gmail.com.

*Andrew Carlson*

Sincerely,

Andrew Carlson