**IN THE WESTERN DISTRICT COURT OF VIRGINIA**
**BIG STONE GAP DIVISION**

CLERK'S OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED

JUL 10 2017

JULIA C. DUDLEY CLERK
BY:
DEPUTY CLERK

| | | |
|---|---|---|
| Melinda Scott, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V | ) | CL NO 2:17-cv-10011 |
| | ) | |
| Andrew Carlson, | ) | |
| | ) | |
| Defendant. | ) | |

## Motion to Strike

**COMES NOW** the Plaintiff, pursuant to the Judge's Order to respond to Defendant's Motion to Dismiss and moves this Honorable Court to strike the Defendant's Motion to Dismiss on the following grounds:

### Court's Jurisdiction

1. The Defendant claims that this Court does not have jurisdiction because the amount of damages is less than $75,000 however, this is untrue because the Plaintiff is seeking a calculated total of damages which The Defendant has not calculated correctly; The Plaintiff stated in the Complaint that she is seeking statutory damages of "$750 per day per video" and "statutory damages for any more Copyright infringements that occur between the date of this pleading a future hearing";

2. The Defendant distributed the Plaintiff's videos between February 28 and March 6, 2017. For the videos during these dates, the Plaintiff requested $750/per day, per video (prior to the filing of the suit);

3. Plaintiff filed a suit on March 6, 2017;

4. The Defendant distributed the Plaintiff's videos, with the visual work of art between March 8, 2017 and March 29, 2017. These dates are *after* the filing of the suit, which falls under *"statutory damages for any more Copyright infringements that occur between the date of this pleading a future hearing"*;

*Scott v. Carlson*                                                          *Page 1 of 6*

5. Plaintiff will move this Honorable Court, in accordance with 17 US Code 504(c)(1) for statutory damages up to $30,000, as the Court considers just;

6. The Court, per 17 US Code 504(c)(2), allows the Court further discretion when calculating total damages. As such, Plaintiff will move this Honorable Court for a total sum not less than $80,000 for damages because the Defendant willfully committed the Copyright infringement maliciously, as further stated below;

7. The Defendant quotes a demand for payment letter he was sent by the Plaintiff, but this settlement amount is not a total calculation per the Plaintiff's original Complaint;

8. As such, the Plaintiff's "demand" for damages meets the jurisdiction requirements for this Honorable Court.

## Registration of Copyright work

1. The Defendant states that the Plaintiff has not pre-registered her work. This is irrelevant, as the Plaintiff is seeking statutory damages under 17 USC Chapter 5, §504 and §501; subsequently the Plaintiff is entitled to relief under 17 USC §106A(a) and 17 USC §412.

## Standard of Copyright protection

1. The presence of the Plaintiff's company logo as a drawing in each of the videos classifies as a "visual work of art" under 17 USC §101 and §106(a). It is a "drawing" under the definition of 17 USC §101. There are less than 200 copies the Plaintiff has made of this drawing. The Plaintiff is the owner of the drawing used in each of the videos. Each are signed by the presence of the Plaintiff's name appearing with the videos. Each are in chronological numbering order by the date of the YouTube postings;

2. The visual work of art appears in all of the videos the Defendant distributed;

3. The Defendant violated the Plaintiff's Copyright rights in an effort to undermine the Plaintiff's honor and reputation. By attaching his name and other slanderous videos regarding the Plaintiff along with his YouTube account the Defendant's

goal was harass, intimidate, humiliate and sabotage the reputation of the Plaintiff. The Defendant has an ongoing campaign to cause loss of society, loss of consortium, and alienation from others for the Plaintiff. The Defendant seeks to attach the Plaintiff's name with his account in an effort to cause these negative events. The videos the Defendant circulated positively identify the name and face of the Plaintiff. Any reasonable person would have known that associating one's name with slanderous videos and a Stalker's account would cause emotional distress and grief, harm to reputation and would bring into question the Plaintiff's honor. No reasonable person would consent to such treatment and would certainly not perceive such treatment as "friendly" or acceptable.

4.  The Defendant omits a denial of distributing the videos without my consent;

5.  The Defendant omits a denial of posting my business videos embedded with my company logo, which is a "drawing" within the meaning of the law.

## Intent and State of Mind of Defendant

1.  The Defendant claims he "was not aware of their copyright status" but this is a lie since the Defendant has demonstrated in his responsive pleading that he can easily obtain access to US Copyright Code online;

2.  The Defendant has Cyber-Stalked the Plaintiff since 2015;

3.  The Defendant has been under investigation for Cyber-Stalking by the FBI since August 2016;

4.  The Plaintiff obtained a Protective Order against the Defendant in February 2017 barring the Defendant from any direct contact;

5.  The Defendant's disposition toward the Plaintiff is one of intentionally trying to cause a bodily injury through emotional, mental or physical distress;

6.  Since the Defendant has been banned by the Protective Order from contacting the Plaintiff, the Defendant has used repeated passive-aggressive attempts to harass and stalk the Plaintiff online, including but not limited to: posting her address online publicly, posting a picture of the front door of her house online publicly, researching who her neighbors are and contacting them through social media; continuing to send emails from different accounts;  researching and posting her

*Scott v. Carlson*                                                                 *Page 3 of 6*

college alumni records, researching and posting her traffic and civil case court records and making public audio-video movies slandering the Plaintiff;

7. The Defendant's actions in distributing the videos were another passive-aggressive attempt at continued psychological terrorism against the Plaintiff;

8. The Defendant attached the videos to his account with malicious intent as evident in the babbling of the emails he has sent the Plaintiff, the correlation between the slanderous videos and her name appearing on his account, and the recent Protective Order obtained;

9. The Defendant has mis-represented and fraudulently lied in his responsive pleading to this Honorable Court, feigning that his actions were innocent and ignorant and not meant to harm the Plaintiff. Any reasonable person would have known that associating one's name, works and business with slanderous videos and a Stalker's account would cause emotional distress and grief. No reasonable person would consent to such treatment and would certainly not perceive such treatment as "friendly" or acceptable.

10. The Defendant has a hostile attitude toward the Plaintiff as evident by an active Protective Order granted by the Wise County Circuit Court for a period of 2 years. In order to obtain a Protective Order under Virginia Code, the Plaintiff had to demonstrate without a reasonable doubt that the Plaintiff's stalking and threats were aimed at causing the Plaintiff fear of bodily injury;

11. The Defendant violated the Protective Order several times and now has an arrest warrant issued by Wise County, Virginia. Such behavior demonstrates that he has no regard for respecting the Plaintiff nor respecting the Protective Order. The Defendant's ongoing violations of the Protective Order demonstrate an attitude of self serving behavior, arrogance and hostility toward the Plaintiff.

## Matters of undisputed fact

1. In the Defendant's response he affirms and admits that he in fact distributed copies of the Plaintiff's videos;

2. In the Defendant's Motion he admits to distributing at least three (3) videos;

3. Although the Plaintiff stated that the company logo (which is a drawing) was infringed upon in her original Complaint, the Defendant omits a denial of posting any exceptions of 17 USC §412, including distributing a visual work of art that is not contingent upon Copyright registration;

4. The Defendant admits to re-*distributing* the videos imbedded with the company logo using a *publicly* published Playlist on YouTube. This is another form of distribution that occurred after the filing of the Pleading; Such a distribution constitutes a distortion and mutilation under 17 USC §106A(a)(2). The visual work of art was not intended to be distributed and displayed by a Stalker whose goal was to malign the reputation of the Plaintiff by associating her name, face and business alongside other slanderous videos;

5. The Defendant affirms in his responsive pleading that the videos he distributed were associated with his account.

<u>Other matters mentioned by the Defendant that are irrelevant</u>

2. The Defendant claims in the responsive pleading that the Plaintiff has infringed upon a musician's musical rights, although that is factually untrue and irrelevant;

3. The Defendant remarks on the total revenue of the Plaintiff's business. This is irrelevant with regard to statutory damages the Plaintiff is seeking.

WHEREFORE, Plaintiff moves this Honorable Court to strike all parts of the Defendant's Motion to Dismiss and compel the Defendant to give an Answer to the Complaint and Summons.

I ASK FOR THIS

_____

Melinda Scott, *pro-se*

PO BOX 1133-2014PMB87

Richmond, Virginia

540.692.2342

mscottw@gmu.edu

*Scott v. Carlson*                                                                 *Page 5 of 6*

## Certificate of Service

I, Melinda Scott, Plaintiff in the above named case number, do hereby certify that I have mailed, a copy of this Motion to Strike to the Defendant at his last known address at: Andrew Carlson, 150 Willow Creek Avenue, Schenectady, NY, 12304 on this _____ day of _____, 2017.

Respectfully submitted,

_____

Melinda Scott, *pro-se*

PO BOX 1133-2014PMB87

Richmond, Virginia

540.692.2342

mscottw@gmu.edu