# UNITED STATES DISTRICT COURT
## for the
## Western District of Virginia

CLERK'S OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED
JUL 24 2017
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

| | |
|---|---|
| Melinda Scott | ) |
| Plaintiff | ) |
| v. | ) Civil Action No, 2:17CV10011 |
| Andrew Carlson | ) |
| Defendant | ) |

### RESPONSE TO PLATINIFF'S MOTION TO STRIKE (ECF No. 22)

In my motion to dismiss, I argued the case should be dismissed for two main reasons. 1: the amount the plaintiff is requesting is less than $75,000, & 2: her three videos do not have a registered copyright. The plaintiff responded by changing the amount to $80,000. This is equivalent to someone originally suing for a small amount (e.g. $10,000), & then after a motion to dismiss by the defendant is filed for not meeting the $75,000 mark, the plaintiff proceeds to raise the amount to the $75,000 mark. If this could be done for any case, this would make having a $75,000 minimum pointless & noneffective. 17 U.S. § 504 provides the rules for legal compensation regarding copyright infringement. According to subsection (c) (1), when suing for statutory damages, the amount being sued for must be a minimum of $750 & a maximum of $30,000. The plaintiff must have got the $750 number from this. The plaintiff thinks you can sue for $750 per day for statutory damages, but this doesn't make sense. When someone steals something, there is a fixed value. If we consider copyright infringement to be stealing, then the copyrighted work should have a relatively fixed & stable monetary value. There has to be a logical basis for the amount of money you are suing someone for for copyright infringement.

Ron Coleman says "[S]tatutory damages are [...] not intended to be a windfall for the lucky holder of an infringed copyright. [T]hey are meant to effect just compensation that bears a reasonable relationship to actual damages that may be difficult or impossible to prove, albeit with an added consideration [...] of the need to deter future infringement. In determining the measure of statutory

*damages to be awarded, courts consider the following factors: [E]xpenses saved & profits gained by the defendants in connection with the infringements; revenues lost by plaintiffs as a result of defendants' conduct; & the infringer's state of mind, that is, whether willful, knowing, or merely innocent. Moreover, the court should consider the purposes of the Copyright Act, including restitution to prevent unjust enrichment, reparation of injury, & deterrence of further wrongful conduct by the defendants & others. Walt Disney v. Video, 47, 972 F. Supp. 595, 603 (S.D. Fla. 1996). [...] Doehrer v. Caldwell, 1980 U.S. Dist. LEXIS 10713 (N.D. Ill. 1980) [...] taught as follows: [...] While § 504's compensatory purpose should not be minimized, its deterrent provisions should not be converted into a windfall where, as a practical matter, the plaintiff has suffered only nominal damages. [...]" S. Rep. No. 94-473, 94th Cong., 2d Sess., reprinted in CCH Copyright Revision Act of 1976 P2042. . . .Statutory damages are not to be regarded as penalties. The purpose of statutory damages is to permit a wronged plaintiff to recover where there is insufficient proof of actual damages or profits. Moreover, substantial damages should only be awarded for substantial injury." Many plaintiffs are under the mistaken impression that they need not prove they have been injured at all in order to reap a significant statutory damages award. It would almost appear as if they consider the use of copyright litigation as [...] a profit center, as opposed to a means of redressing a tortious infringement of their legal rights. This surely is not the purpose of the Copyright Act nor of the statutory damages provisions within it."*

Asking for a certain amount of money per day guarantees that so long as a case is delayed long enough, it will reach the $75,000 minimum threshold. Plaintiff filed this lawsuit with the intention that future actions I had not yet done be the basis for establishing the $75,000 minimum. The $75,000 minimum value must be based in an allegation of what has already occurred, & not what is presumed is going to occur. The plaintiff alleges I redistributed the videos on my channel between the dates of March 8th & March 29th, which is false. I did have a playlist of her videos on my channel between those dates, but a playlist does not violate copyright law. If you post a link to a website, you are directing

people to the owners' website by giving the people a link. You are not creating your own copy of that website to distribute it. In the same way, a playlist does not make a copy of the videos in the playlist. It merely provides a link to the videos on the copyright owners' channel. She is attempting to sue me for infringing the copyright of her three videos between the dates March 8th-March 29th 2017, yet I did not have any of her videos on my channel after March 10th. By suing for $750 per day per video, she is attempting to make it so that every day the videos were on my channel constitutes a separate copyright infringement. If you upload someone's video to youtube, that only constitutes a single copyright infringement. You can't count that as 10 copyright infringements because it stayed up for 10 days. If your video is removed, & you upload it a second time, that constitutes a second copyright infringement. The plaintiff argues that the personal letter she sent to me asking for $30,500 is irrelevant, but, due to the correspondence of $30,500 with $750 per video for 14 days, & since the case was filed on March 15th, this shows that on March 29th (14 days later) she was only requesting at that time $30,500 rather than $75,000. This is proof that at that point in the case, she was not asking for at least $75,000. Up until that time, she had calculated the statutory damages she said I owed her to be $30,500.

My second reason her lawsuit should be dismissed is because of her videos not having copyright registration. 17 U.S. § 412 states that in order to sue for statutory damages, the works must have had their copyright registered before the infringement occurred. The plaintiff argues for an exception to the registration requirement, rightly identifying 17 USC § 106A(a) as a potentially valid basis, but it does not apply in her case for reasons stated below. The plaintiff alleges that because I am her stalker, if I commit any copyright infringement of her videos, or if I share any of her videos publicly, it's automatically a distortion & mutilation of her work of art: *"The Defendant admits to re-distributing the videos embedded with the company logo using a publicly published playlist on youtube. This is another form of distribution that occurred after the filing of the pleading; such a distribution constitutes a distortion & mutilation under 17 USC § 106A(a). The visual work of art was not intended to be*

*distributed & displayed by a stalker whose goal was to malign the reputation of the plaintiff by associating her name, face, & business alongside other slanderous videos.*" She stated in her motion for summary judgment: "*The defendant distributed the plaintiff's videos, with the visual work of art, between February 28 & March 6, 2017; the defendant distributed the plaintiff's videos, with the visual work of art between March 8, 2017 & March 29, 2017; the defendant further distorted & mutilated her visual work of art by associating her videos with his account between March 10, 2017 & June 14th*". The definition the plaintiff is providing for "distortion & mutilation" is not legally grounded, but is her own personal definition. In 17 USC § 106A(a)(3)(A), we are told the plaintiff has "*the right to prevent any intentional distortion, mutilation, or other modification of that work which would be prejudicial to his or her honor or reputation.*" The language specifically refers to actual alteration of the work of visual art. The plaintiff alleges I reproduced her videos with her work of visual art embedded in them. This is not true; but even if it was true, that does not constitute distortion, mutilation, or other modification even if my reproduction of her videos was done with malicious intent (which it was not). This law specifies an actual change of her work of visual art. I didn't alter anything. I loaded the videos as they were made by her, without any changes made to her videos. Nowhere in the law does it say that by merely sharing a video that that mutilates, distorts, or modifies a work of visual art.

According to 17 U.S. § 101, a work of visual art does not include any motion picture or other audiovisual work, nor does it include any merchandising item or advertising/promotional material. The plaintiff claims her logo embedded in her videos is a visual work of art. Her logo is specifically designed as promotional material for her small business, TCO, & it is also advertising. If her logo is a work of visual art, that makes her able to potentially sue me for statutory damages for my usage of her logo without copyright registration for her logo, but the exception of the work of visual art does not apply to her videos. The logo & videos under the law are treated separately as distinct copyright issues, & as such, in order for her to sue me for infringement of the videos, she must have a copyright

registration of her videos, which she does not have. Thus the videos she is suing me for infringing upon must have been registered in their copyright in order for this case to have validity. The plaintiff says in her motion to strike: *"The visual work of art appears in all of the videos the Defendant distributed."* The videos on my channel that I uploaded of hers did not have her logo in them. The fact I didn't embed her logo into my copies of her videos I posted to my channel invalidates the basis of her appealing to this exception. The plaintiff attempts to argue that because I didn't address the issue of her logo in my motion to dismiss, I am not allowed to mention it in any future filings & I have to concede it as an established fact. The plaintiff tried to argue that because I responded to some of her claims in my motion to dismiss, my motion to dismiss should be invalidated. Now she is saying that because I didn't respond to her claim, I cannot respond to that claim going forward. When a defendant receives a summons, if his motion to dismiss is rejected, he is given an additional amount of time to send an answer. Thus a motion to dismiss does not waive my right to respond to her claims in later responses.

The plaintiff in her motion to strike says: *"The Defendant violated the Plaintiff's copyright rights in an effort to undermine the plaintiff's honor & reputation. By attaching his name & other slanderous videos regarding the plaintiff along with his youtube account the defendant's goal was to harass, intimidate, humiliate & sabotage the reputation of the plaintiff. The defendant has an ongoing campaign to cause loss of society, loss of consortium, & alienation from others for the plaintiff. The defendant seeks to attach the plaintiff's name with his account in an effort to cause these negative events. The videos the defendant circulated positively identify the name & face of the plaintiff. Any reasonable person person would have known that associating one's name with slanderous videos & a stalker's account would cause emotional distress & grief, harm to reputation, & would bring into question the plaintiff's honor."* She also said *"The defendant's disposition toward the plaintiff is one of intentionally trying to cause a bodily injury through emotional, mental or physical distress."* Her claims about me are speculatory & unproven. I posted her videos to my channel as an expression of my

appreciation & fascination with her, not as an opportunity to attack or shame her. She claims my own videos were slanderous & putting her videos next to my videos undermines her honor & reputation. I am not aware of anything I said in my videos being slanderous or harmful to her honor or reputation. My goal with my channel was to fix our former friendship & make peace. I have no desire to see her fail or her reputation or honor to be diminished. I want her to succeed & do well in life. She thinks I have an ongoing campaign to isolate her from her friends & the world, but this is false. The only one who is causing the plaintiff to experience loss of society & consortium & alienation from others is the plaintiff herself. The plaintiff argues in her motion to strike that I had sinister intentions by uploading her videos to my channel. She then makes accusations against me in an attempt to assassinate my character & integrity. I am deeply troubled what she said, because some of it is a misrepresentation of the truth. Because she has introduced these issues into the lawsuit, I am compelled to address them. My evidence against her claims provides further basis in support of a dismissal.

    We used to be close friends until 2014. In June 2015, the plaintiff ended friendship. I was devastated & I wanted with all my heart to restore friendship. She said in Spring 2016 on facebook that she considered me her cyber-stalker but that I was not physically dangerous. Things escalated when the plaintiff sued me in Summer 2016 for $5,000 for alleged stalking. Around the time that case was dismissed, I threatened the plaintiff that I was going to show up at her house someday so we could have a peaceful discussion. I also said I might consider doing misdemeanors in the future if I felt it might help restore friendship. I assured her I would never physically hurt her, but she felt threatened. Things escalated when I began harassing her & her partner, Marshall Castersen, in November 2016. I was then given a 1 year protective order in January 2017. I appealed it & I was given a 2 year protective order in February. In civil court cases, a preponderance of the evidence rather than without a reasonable doubt is sufficient to issue a civil court order. I have not been charged with any crime. The plaintiff provided sufficient preponderance of the evidence I was cyber-stalking her, but did not provide sufficient

evidence without a reasonable doubt. The higher level of evidence required in criminal cases was not met in the hearing for the protective order, so I should be presumed innocent until proven otherwise.

I was truly sorrowful I had threatened to visit her. I thought it would be good to make a public affirmation I would never threaten her ever again in that way. So I made a video saying I was wrong to have said what I said & that I'll never again threaten to confront her in person. I made a few other videos sharing my change of plans regarding the plaintiff due to my realization I was wrong in some of how I behaved towards her in 2016. Apparently Marshall was subscribed to my channel. I was subscribed to his channel from the previous year. So I found out Marshall made a video about me on his channel saying I was stalking him & his wife. I posted a video saying I wasn't stalking them. Then Marshall made a video of his guns to scare me. I was afraid because in 2016, this same man had threatened to come to my house & beat me up if he & the plaintiff broke up. He also threatened that some of his friends were going to come to my house & physically assault me. I had also found out in August 2016 that around March 2016 Marshall had been arrested for domestic violence against his ex-wife. All this indicated to me he was violent & potentially dangerous, so I was afraid & concerned for the plaintiff's wellbeing, as well as for my own. Since his video about guns scared me, I made a video saying he was wrong to do that. Marshall then made a video about stalkers being dangerous implicitly referring to me. So I made other videos explaining how I am not dangerous. Marshall was antagonizing me publicly & trying to provoke me. During this time, I uploaded Marshall's old videos to my channel, for the purpose of showing I was preserving everything so I could use it as evidence if needed. In addition, at this time I also uploaded the plaintiff's three videos to my channel to preserve her content.

I found the plaintiff's address online around this time, & I made a video showing evidence I knew her real address. Rather than for malicious reasons, I made the video to show I had the ability to find where she lived, so that my promise to not come to her house in person was not because I couldn't find

where she lived, but it was me deciding to do the right thing voluntarily. I also saw two reviews about the apartment complex she was living in. According to the testimony of the reviews, the apartment complex is full of drugs & prostitution, & the police show up a lot, & some parents have gotten their children taken away from them because of how bad a place it is for children. The testimonials helped explain why the child protective services showed up to the plaintiff's home in 2016 & 2017. So I ended up contacting one of the women who left a review, & asked her to elaborate on her review & I told her I was concerned for the wellbeing of a former friend who was staying there. When she asked if I wanted her to contact the plaintiff on my behalf, I said not to do that because there is a protective order.

Around this time, some internet bullies saw some of my videos & made an article about me on their website mocking me & the plaintiff. I tried to defend myself & her on their website, but I ended up making it worse. The plaintiff found out about the article & threatened legal action against the owner of the website, Joshua Moon. After Joshua Moon mocked the plaintiff & Marshall in an extremely offensive & disturbing manner, Marshall made a video cursing him & other people on his site who mocked him & the plaintiff to die a horrible death. In that same video, Marshall cursed me to die, & the plaintiff affirmed his curse against me to die in the comment section. The plaintiff & Marshall were trying to provoke & incite me by doing this. In the same video, Marshall made a false accusation against me, saying I was conspiring to kill him. I was concerned he was claiming I was conspiring to kill him, so I told him that's not true, & that according to my religious beliefs, he is my brother & I want to be friends with both of them someday. I hoped telling Marshall this would deescalate the situation. From March 6th to April 6th, the plaintiff became desperate for money & began a staggering number of lawsuits & legal actions against a wide number of parties. She brought a lawsuit against her ex husband for $20,000, she brought a lawsuit against me for copyright infringement, she brought a lawsuit against Wise & Norton social services for $200,000, & she brought a lawsuit against Joshua Moon. She also attempted to take away custody from her daughter's father during this time (I know this

because her daughter's dad contacted me out of nowhere & implied he might hurt me unless I gave him the plaintiff's real address & he threatened to subpoena me to testify against the plaintiff at a custody hearing). At the end of June the plaintiff did another lawsuit against the commonwealth attorney.

The plaintiff claims in her motion to strike I am dangerous & that she is afraid I am going to physically injure her & kill her. This claim however cannot be taken seriously. If someone was afraid for their life & was afraid a stalker was going to physically injure or kill them, they wouldn't sue their stalker for $80,000 over so petty an issue as a minor copyright infringement. The plaintiff said in her motion for summary judgment that conducting discovery with me would threaten her life. If the plaintiff truly thinks conducting discovery with me would threaten her life, how much more would suing me for $80,000 threaten her life if I was truly as dangerous as she is claiming. Equally bogus is her claim we cannot conduct discovery because she has a protective order against me. If she can initiate a lawsuit against me & send me her court actions in the mail without it threatening her life, we can equally conduct discovery through correspondence. Further evidence her claim cannot be taken seriously is she attempted to seal my own case files from me. This doesn't make sense, because there is no information that has been filed in this case that I don't already have. So sealing the case would not prevent me from having access to the files since she is literally sending me in the mail all the files she is bringing forth against me. She is trying to convince the court I am dangerous, so she asks to have my own case files sealed in an attempt to show how dangerous I am, not realizing that looks ridiculous. This lawsuit is of personal malice & vengeance, & has nothing to do with justice or fair compensation.

There is reason to suspect she initiated this lawsuit in an attempt to provoke me & to entrap me into breaking the protective order. The plaintiff said in her motion to strike I have violated the protective order several times & that by doing so, my behavior demonstrates I have no regard for respecting the plaintiff nor respecting the protective order, & that my attitude is one of self serving behavior,

arrogance, & hostility towards her. It is the court system which will determine if I have violated the protective order or not, but additionally, it can equally be argued that she has violated the protective order several times & thus by her doing that her behavior demonstrates she has no regard for respecting the defendant nor respecting the protective order, & that her attitude is one of self serving behavior, arrogance, & hostility towards the defendant. The copy of the protective order I was given by the Circuit Court of Wise Virginia clearly & unambiguously states: "*In order to protect the safety of the <u>alleged</u> victim or the <u>alleged</u> victim's family or household members, the respondent shall have no contact of any with alleged victim's family, household members, or friends.*" & "*It is further ordered that [there be] no contact between parties in any form- no calls, texts, facebook, letters, internet, or any electronic means whatsoever.*" Despite the court order saying for there to be no contact between us in any form including letters, the plaintiff has initiated a petty lawsuit which forces us to contact each other when we file court documents. I had not contacted her until she first contacted me in the mail with a letter demanding me to pay her $30,000 or else she would continue legal action against me. This is the same letter I provided as an appendix in my motion. She was not given legal permission to send me that letter. This appears to be a violation on her part of the protective order.

However, the entire thing confuses me, because the court ordered me to have no contact of any kind with her, but is now ordering me to have contact with her for the lawsuit. This contradiction leaves me unclear of what is allowed. Either the plaintiff violated the protective order by sending me that letter, or if she is legally allowed to do that, then I am legally allowed to do the same. On the assumption I was legally allowed to do the same, I emailed her a response to her letter. I asked her to drop the case, & I warned her what would happen if she didn't drop the case. I asked her to reconsider being my friend again some day & tried to give her reason why she should be my friend someday. Since she contacted me asking me to settle this out of court so we don't have to continue this trial, I felt I also had the right to contact her & ask her to settle this out of court. As part of my attempt to convince her to drop the

lawsuit, I paid for a speeding ticket she recently got in May. After I emailed her, she proceeded to use my having emailed her as a weapon against me, & has apparently gotten Wise County to issue an arrest warrant for me on that basis. The fact she made a special effort to potentially violate the protective order to get money from me is a strong indication the plaintiff is not afraid of me, but is using that claim as an attempt to get sympathy.

This lawsuit is one which no one who was truly afraid of being killed by a stalker would have ever initiated against said stalker. If she was truly afraid of me to the extent she is claiming, she would drop the lawsuit against me like a truly fearful person would do. The plaintiff cannot provide a single example of me threatening to physically injure or kill her. That is because it never happened. I have consistently & repeatedly emphasized & explicitly affirmed & promised I would never dare hurt her physically because I love her with all my heart. Her behavior towards me does not reflect someone who is afraid of me, but reflects someone who is trying to abuse the system in her favor to get what she wants. I have researched the plaintiff's court records for two main reasons. The first reason is I am interested in her well being. Secondly, since some of these cases are related to me, I have a right to view what she is accusing me of. In most of her recent court cases she mentions things about me. It is not a violation of the protective order to consult the public records for information about court cases, especially cases which have information about me. If the Judge dismisses the plaintiff's case against me, I ask the same Judge to dismiss it with prejudice, in order to prevent her from further abusing the legal system against me.

Dated: 07/14/17

Signature: *Andrew Carlson*

Andrew Carlson

150 Willow Creek Avenue

Schenectady NY, 12304

CERTIFICATE OF SERVICE

I, Andrew Carlson, do hereby certify that on this 14th day of July 2017, my response to the Plaintiff's motion to strike my motion to dismiss was mailed to the Big Stone Gap Division of the Western District Court of Virginia, & that I mailed & emailed a copy of my motion to dismiss the Plaintiff's complaint to the Plaintiff, Melinda Scott, via her PO BOX address, PO BOX 1133-2014PMB87, Richmond VA, 23218, & via her email address TCO.OutdoorRec@gmail.com.

*Andrew Carlson*

Sincerely,

Andrew Carlson