IN THE WESTERN DISTRICT COURT OF VIRGINIA
BIG STONE GAP DIVISION

CLERK'S OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED

JUL 27 2017

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

**Melinda Scott,**    )
                     )
**Plaintiff,**        )
                     )
V                    )        CL NO 2:17-cv-10011
                     )
**Andrew Carlson,**   )
                     )
**Defendant.**        )

## REPLY MEMORANDUM TO DEFENDANT'S "RESPONSE TO PLAINTIFF'S MOTION TO STRIKE"

**COMES NOW** the Plaintiff, and submits this memorandum in response to Defendant's "Response to Plaintiff's Motion to Strike":

### Lack of pleading style

1. Rule 10(b) says that a pleading must contain a certain style. The Defendant has put on several pieces of paper a reply memorandum that has no paragraph numbers. Plaintiff will attempt to navigate the layout and submit this Memorandum in her defense.

### Irrelevant matters in the Defendant's reply memorandum

2. In much of the writing, the Defendant has been unable to divide between fact that is relevant to this case and his own opinions about the Plaintiff's life;
3. The Defendant remarks on a number of things which are speculation which are untrue and/or not relevant to this case;
4. The Defendant continues to try to fish for legal advice from the Clerks of this Court and the Judges of this Court;
5. The Defendant makes many legal conclusions as if he is the Judge in this case when he is the Defendant only and has no authority to state such things;

6. Plaintiff will only answer those things which are relevant to the case and matters of law. Anything not directly answered by the Plaintiff, the Plaintiff contends is the irrelevant opinion of the Defendant and/or untrue.

## Further proof that the Defendant is Stalking the Plaintiff (Intent)

7. Plaintiff re-affirms everything stated in the Motion to Strike with regard to the Defendant's malicious intent;

8. In "paragraph" block number 10 (Plaintiff had to number them herself to make order of the document) the Defendant states *"she brought a lawsuit against her ex-husband for $20,000...she brought a lawsuit against Wise and Norton Social Services, she brought a lawsuit against Joshua Moon...At the end of June the Plaintiff did another lawsuit against the commonwealth's attorney"*. The fact that the Defendant is stating he is tracking my actions on Pacer.gov is further proof that he is stalking what I am doing. Defendant can show no reason or justification for needing access to these Court cases. Further, the Defendant admits in his reply that he is gathering and compiling public information about the Plaintiff. While using the computer to do this, the Defendant has created a 200 page document in which he includes documentation showing he tracked every Court case the Plaintiff has ever been involved in the State of Virginia. This erratic behavior is only further proof of his Stalker disposition toward the Plaintiff. A reasonable person does not spend time investigating information of this type about someone for leisure time; the depth and intensity at which the Defendant continues to track the Plaintiff shows a perverted intent;

9. Defendant states *"My goal with my channel was to fix our former friendship and make peace"*. This statement is absolutely illogical. No reasonable person in their right mind would think that after another party obtained a Protective Order against them for threatening bodily injury, that stealing their videos, promoting slanderous videos, positing videos of their front door, making videos with threats, and continuing to act in a stalker like manner would "fix" anything. The illogical thought patterns of the Defendant are only further proof of the chaotic internal thought processes that drives him to malicious behavior;

10. Defendant admits that he "found the Plaintiff's address online" and "made a video showing evidence [he] knew her real address" ("paragraph" block 9). Plaintiff asserts that this is an accurate portrayal of events that the Plaintiff herself witnessed and recorded evidence of. Defendant's efforts in finding the Plaintiff's address are further proof of his intent and disposition toward the Plaintiff. No reasonable person goes out of their way to find someone's address after they have been told by a Court not to have any contact with them.

11. Defendant admits that he "contacted one of the women" in the Plaintiff's neighborhood "who left a review". Such erratic behavior only further proves that the Defendant has a Stalker disposition toward the Plaintiff. Defendant can show no justification for contacting the Plaintiff's neighbors other than to stalk the Plaintiff;

12. The Defendant has not demonstrated any proof from a licensed healthcare professional that he has a mental defect or is legally unable to rationalize the difference between wrong and right. Therefore, Defendant is responsible for his actions, regardless of how much he tries to feign innocence or benevolence. Plaintiff contends that this display of remorse, innocence and benevolence is just an act for the Court to avoid being responsible for his actions. The Plaintiff has ample evidence demonstrating the slander, malice and stalking aimed at the Plaintiff;

13. Plaintiff has ample evidence demonstrating the Defendant has no regard for the Protective Order issued by the Wise County Circuit Court. The Defendant has violated the Protective Order more than 20 times since it was issued. Plaintiff asserts that the theft of her logo and malicious distribution of her videos was only another tactic to covertly harass the Plaintiff.

### Re-affirmation of aforementioned statements in Motion to Strike

14. Plaintiff re-affirms everything stated in her Motion to Strike, and knows that the Defendant is lying about not distributing the logo and about the dates of distribution. Plaintiff has evidence showing otherwise;

15. Defendant claims that "The Plaintiff <u>changed</u> the amount to $80,000" (emphasis added). Plaintiff re-asserts her claims in the Motion to Strike, and emphasizes that she never changed any amount, she <u>calculated</u> an amount based on what was written in

the original Complaint. Defendant fails to discern this element of the Motion to Strike properly;

16. Defendant fails to read 17 US Code 504 (C)(1) properly. 17 US Code 504 (C)(1) is "with respect to any <u>one</u> work". There are three (3) or more works in question in this lawsuit. Up to $30,000 for each work grants this Court jurisdiction with regard to this case. Plaintiff re-affirms that this Court has jurisdiction when calculating statutory damages;

17. Plaintiff reasserts her statements in the Motion to Strike, emphasizing that US Code allows the Court jurisdiction to rule as much as $150,000 in statutory damages when the Copyright infringement was done with malicious intent;

18. As stated in the Plaintiff's Motion to Strike, the Plaintiff awaits the Court's decision to rule if "substantial injury" has been committed. This is not a decision for the Defendant to make, despite his statement in "paragraph" block 2. Further, Defendant's quotations of *Walt Disney v. Video* and *Doehrer v. Caldwell* only further support the Plaintiff's position in her Motion to Strike: The lawsuit has been filed with the goal of "deter[ing] future infringement" and "deterrence of further wrongful conduct". The Defendant is a Stalker who relentlessly meddles in the Plaintiff's business and tries any covert or overt technique in harassing the Plaintiff. Plaintiff has ample evidence demonstrating the extent of stalking of the Defendant.

<u>Perjury committed by the Defendant in his Response</u>

19. The Defendant lied to this Honorable Court stating that "She thinks I have an ongoing campaign to isolate her from her friends & the world, but this is false" ("paragraph" block 6). The Plaintiff has written documentation (evidence) from the Defendant showing the opposite to be true;

20. The Defendant lied to this Honorable Court by stating that he "had not contacted her until she first contacted me in the mail with a letter…". The Defendant has an arrest Warrant with his name on it in the County of Wise, Virginia for violating the Protective Order <u>before</u> this case was filed, so what the Defendant says is an outright lie. Plaintiff has further evidence that the Defendant continues to violate the Protective Order on a weekly basis;

21. The Defendant's willingness to lie in a pleading is proof enough that he manipulates his statements in order to evade responsibility for his actions.

Respectfully submitted,

*Melinda Scott, pro-se*
PO BOX 1133-2014PMB87
Richmond, Virginia
540.692.2342
mscottw@gmu.edu

## Certificate of Service

I, Melinda Scott, Plaintiff in the above named case number, do hereby certify that I have mailed a copy of this Reply Memorandum to the Defendant at: Andrew Carlson, 150 Willow Creek Avenue, Schenectady, NY, 12304 on this ___25th___ day of ___July___, 2017.

Respectfully submitted,

Melinda Scott, *pro-se*
PO BOX 1133-2014PMB87
Richmond, Virginia
540.692.2342
mscottw@gmu.edu