CLERK'S OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED
AUG 10 2017
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

# UNITED STATES DISTRICT COURT
## for the
## Western District of Virginia

| | |
|---|---|
| Melinda Scott | ) |
| Plaintiff | ) |
| v. | ) Civil Action No, 2:17CV10011 |
| Andrew Carlson | ) |
| Defendant | ) |

### RESPONSE TO PLAINTIFF'S REPLY MEMORANDUM

1. Plaintiff affirms that what I have said is speculation or irrelevant. The issue of irrelevance was instigated primarily by the plaintiff's insistence that she bring into the case the issue of her allegation that I have been stalking her. To thoroughly address her false allegations against me, I have had to bring up information which was otherwise irrelevant, but only relevant insofar as it helps show the facts regarding whether or not I have stalked her as she has claimed & what my motivations were for uploading her three videos to my youtube channel. She says that some of my speculations are not true, but does not provide a list of all the speculations I made which she says are untrue.

2. Plaintiff says I am trying to fish for legal advice from the Clerks & Judges of this Court. I did not speak with any Clerks of this court about any matter other than setting up the phone conference with the Plaintiff & Judge Pamela Sargent. As for the Judges of this court, I did not ask for advice. During the phone conference with the Plaintiff & Judge Pamela, I asked if the protective order affected our discovery process. This is not akin to asking for legal advice, because I was only seeking to do what the phone conference was all about: Establishing the deadlines for discovery. As part of that process, I inquired about if I was allowed to do discovery despite there being a protective order. I did not ask for advice about what I should do, but rather I simply asked what I am being ordered to do by this court in the context of the protective order. I mentioned in my response to the plaintiff's motion to strike, to

which her reply memorandum is replying, that it is not clear to me what was allowed for me to do legally since I was confused about the issue of the protective order. The plaintiff interpreted me saying this as me asking for advice yet again, but rather, I was simply explaining that my actions must be understood in the context of my ignorance about whether it was permissible or not. Furthermore, the Judge is allowed to provide legal advice at his or her own discretion, & asking the Judge to make a ruling on whether my actions violated the law is valid, & that is what the whole point of Judges are for, to judge if someone has broken the law or not. Also, Judge James Jones offered the Plaintiff advice in her lawsuit against me last year for $5,000, in which he recommended to her who she could go to to get relief from alleged stalking (which she subsequently contacted the people he had advised her to contact), so clearly the judge has a right to give advice if he so chooses.

3.Plaintiff objects to me making legal conclusions as if I am the Judge of the case, when the fact is, that is how parties operate for all cases. A party is entitled to defend their point of view & argument by appealing to the law & making legal assertions & legal conclusions. I am perfectly within my right to make legal conclusions, & that's what the whole point of the lawsuit is for: for both parties to make legal conclusions in an attempt to argue their own sides. Making a legal conclusion in no way indicates that the Judge does not have discretion to disagree with my legal conclusion by making his own legal conclusions. Furthermore, if a defendant disagrees with a Judge's conclusion, he can appeal it to a higher court. So it is certainly valid for me to make legal conclusions so long as I understand (which I do) that I do not have the authority of a judge or court to enforce my legal conclusions. Plaintiff makes plenty of legal conclusions in the same manner as I have.

4.Plaintiff says in paragraph 19 of her reply memorandum that I have lied to the court when I said that I do not have a campaign to isolate her from her friends & the world. She maintains that she has written documentation that I actually do have a campaign to isolate her from her friends & the world.

The only written documentation that I am aware of that she might be referring to is an email I sent to her at the end of 2016 when I was upset with her & I said some disrespectful & inappropriate things to her (which I later apologized to her for). In the written documentation to which she is probably referring to, I made the following statement in a private email to her email account: "*Poor Tamar, losing her friends. Because of how paranoid she is about me. The funny thing is I don't have to do anything. The work is being done for me.*" I worded this in a very poor way. The way I worded it very plausibly can be interpreted as me having a campaign to isolate her from her friends & cause her to lose her friends. While it might appear that this was what I meant when I said those words, that is not what I meant. I meant it as a desire in my heart to see her get what she deserves. The plaintiff was very cruel to me & other people in the past, & it was perfectly reasonable & understandable for me to have been angry with her & to take pleasure in the idea of her self-destructing her own friendships, because it provided me with a sense that I was in the right & that she deserved to lose her friendships because of how mean of a person she was to people in general. So I viewed it as justice, & when I said that the work doesn't have to be done by me, I meant the work of giving her what she deserves, not the work of causing her to lose her friends. I would not take it upon myself to ever try to punish the Plaintiff for what I think she deserves to be punished for. I leave that work for the government. I did not ever seek to cause her to lose her friends. However, even if I had done so, & even if I had had a campaign to isolate her from her friends & the world, I used the present tense verb in my response to her motion to strike, where I said "*She thinks I have an ongoing campaign to isolate her from her friends & the world, but this is false.*" So even if I had before in the past a campaign to isolate her from her friends & the world, there has absolutely been no such campaign since the issuance of the protective order was given to me at the beginning of this year. So I have not lied to the court in saying what I said.

5. Plaintiff states in paragraph 20 "*The Defendant lied to this honorable court by stating that he "had not contacted her until she first contacted me in the mail with a letter..."* The defendant has an

*arrest warrant with his name on it in the County of Wise, Virginia for violating the protective order before this case was filed, so what the Defendant says is an outright lie.*" I have provided the police report filed against me earlier this year that she is referring to. In the police report, as you can see in the exhibit I attached, there is no mention anywhere in the police report that I contacted her. I was charged with violating the protective order because the Plaintiff had contacted Chief Kenneth Joyner & reported to him that I violated the protective order by contacting her fiance electronically on 2/25/17 & 2/26/17. So when the Plaintiff says that I lied by stating that I had not contacted <u>her</u> until she first contacted me in the mail with a letter, & provides as proof that I received an arrest warrant before this case was filed, we can see that what the Plaintiff is saying is not true, since it contradicts the police report on file. If I had contacted her before this case was filed against me, it would have been mentioned in that police report. Instead, all that was mentioned is that I contacted her fiance. The plaintiff either has bad memory, or is not intelligent. But I know she is intelligent, so that can't be it. She must have forgotten.

6. The plaintiff attempted to sue the Commonwealth attorney of Wise County, Virginia to try to force him to arrest me. There are many signs & evidences that this lawsuit that she is doing, she is doing maliciously on her part with the primary intention of getting me arrested. According to the arrest warrant, the Commonwealth attorney decided that my actions did not warrant extradition, & that I can only be arrested for what happened earlier this year if I enter Virginia or go within 100 miles of Wise County. She knows that if she can get this frivolous lawsuit against me to go to trial, it forces me to enter the State of Virginia which would allow for me to be arrested when I show up at court to defend myself in this trial. The plaintiff has repeatedly emphasized in her proceedings her claim that I am dangerous & that I have been stalking her & violating the protective order (according to her most recent count in the reply memorandum she filed, she alleges that I have violated it at least 20 times & that I violate it on a weekly basis). Yet despite that, when I inquired about the police records on July 31st, 2017, the only thing they sent me in their records was the police report from February. No other

police reports were sent to me, which would imply that no other police reports have been filed or if they had been filed, they did not result in any other arrest warrants. If the situation were truly as serious as the Plaintiff alleges, there would be other police reports backing up how serious it was. Also, once again, if she was truly afraid for her physical safety, she would not have initiated such an aggressive lawsuit against the person she was afraid was going to hurt her. Initiating such a petty lawsuit as this one with a dangerous person would only make it much more likely that she would get hurt by the dangerous person she is enraging by suing them. So the fact she is suing me for such a petty lawsuit brings serious doubt to her claim of being seriously afraid for her physical safety because of me.

7.Further evidence that this lawsuit is frivolous is the content of her three videos that she is suing me for infringing. I will provide a brief description of the three videos. In one video she does a brief infomercial for her book she is trying to sell about outdoor activities that can be arranged for children. A second video is her children playing with rackets & having fun for a couple minutes. & the third video is her documenting with pictures how she did a project to clean up trash from the environment & urges people to do the same. The three videos together constitute less than 5 minutes of video, & are so minor in terms of content & influence, that there are literally no damages that can be calculated for these three videos. Her three videos being so piddly & insignificant is a strong indication that her lawsuit against me is frivolous. Anyone who watches the videos would immediately decide against her in a court of law. That is why I want a jury trial, so I can have the jury watch the three videos. There's no way that a jury after seeing the three videos she says I infringed could rule in her favor. They would immediately decide against her after seeing the videos she is trying to sue me for infringing upon.

8.Plaintiff asserts that me tracking her actions on pacer.gov constitutes stalking. However, according to the federal & state legal definitions for stalking, such actions do not meet the definition of stalking. She states that I can show no reason or justification for needing access to these court cases. But she

fails to understand that it is a right of the public to view this information & that no one has to provide reason or justification for needing access to these court cases. So even if I have no valid reason or justification for accessing the cases, it doesn't matter, because it's entirely within my right to do so. Now, what I do with the information I access on pacer.gov, that could potentially constitute stalking according to the legal definition, but merely accessing the files & downloading them & keeping up with the plaintiff's legal history does not constitute stalking in any way shape or form legally. I will however provide my reason. Despite all the drama this woman has put me through & how she has hurt me a lot, I still care a lot about her & I worry about her, because I know her pretty well & I know some things about her past which justify me worrying about her wellbeing. Furthermore, although it may be considered foolish, I still have a hope that someday the plaintiff & I can reconcile as friends. But I have been very cautious with this woman the entire time I've known her, because I know how troublesome & difficult she can be. So, before I try to reconcile with her as friends in the future, I think it is valid of me to be informed of who she is as a person. Her lawsuits say a lot about her character & who she is. Reading these lawsuits may help reinforce my perspective about her or it may help me realize she is someone that is not worth dealing with anymore. I think facts & evidence are very important, & these lawsuits are prime evidence of who the plaintiff is as a person, so I think it is valid to research her public record so I can take the facts & evidence about her into consideration to help me decide how I am going to proceed with her going forward.

9. The plaintiff asserts that I compiled a 200+ page document in part of which I include documentation showing I tracked every court case the Plaintiff has been involved in in Virginia. This is true. I did this in the hopes it might convince her that she has some problems & issues in her life she needs to change & fix. It is not normal for someone to be in court as many times as the plaintiff. Prior to the issues involving me & the Plaintiff in 2016 & 2017, I have never had any legal issues & have never been in court. The plaintiff however, has been involved in at least 30 court cases over the last

eight years. I wanted the plaintiff to know that I am tracking all her court cases. I hoped that her knowing this might help her think twice before she initiates any new lawsuits against people going forward. The goal was to help her, not to harm her. I also wanted to show her how important she is to me & that's why I wrote the 200 page document. She asserts that a reasonable person does not spend time investigating information of this type about someone for leisure time, & that the depth & intensity at which I have been tracking her is ill-intended. However, she doesn't understand what true friendship is all about, because my actions are what a true friend does for someone they really care about. I think she is a very special person beyond the negative features that she so often displays to others the majority of the time. A good friend will go to extreme lengths to try to help their loved ones even loved ones who currently hate them; so long as the extreme lengths gone to are not immoral, this is a good thing & not a bad thing. Nothing I have done to her indicates I have ill intentions towards her.

    10. The plaintiff asserts it is illogical for me to think that posting videos about her might fix our former friendship & make peace. However, she misrepresents what I have done to make it look more illogical than it is. She says *"No reasonable person in their right mind would think that after another party obtained a protective order against them for threatening bodily injury, that stealing their videos, promoting slanderous videos, posting videos of their front door, making videos with threats, & continuing to act in a stalker like manner would "fix" anything."* I partially agree with what she said. However, she says she obtained a protective order against me for me threatening bodily injury towards her, but that is absolutely not true. I never in my entire life threatened bodily injury against her. She says I promoted slanderous videos, but her definition of slander does not meet the legal definitions of slander that the federal & state courts use. She says I posted images of her front door. I posted an image of houses in her neighborhood, but I did not know that her house was in the images I posted. She also represents me as stealing her videos, but this is false. I downloaded her videos from youtube which is not stealing. Then I uploaded them to my youtube channel, but I never claimed them as my own videos.

In my own videos I made about the plaintiff which she says are slanderous, I attempted to apologize for what happened in 2016 & I took back any threats I made in 2016 & promised I would never threaten those things again. To clarify, I had made threats to her in 2016, but the threats were not that I would physically hurt her, but that I would involve myself in her life more in a way she wouldn't want me to be involved, but nothing that would put her life in danger or bring physical harm.

11. The plaintiff says that no reasonable person goes out of their way to find someone's address after they have been told by a court not to have any contact with them. However, it is a fact that the plaintiff's romantic partner, Marshall Castersen, who was/is living with her had threatened to physically assault me on multiple occasions & that he has a history of violence. The plaintiff as well as her boyfriend have my address. The knowledge that they know where I live has somewhat caused me to have fear due to his threats to hurt me in conjunction with the plaintiff's affirmations that she wants me to die (she said in April 2017 in a comment on her boyfriend's video that cursed me to die that she agrees with her boyfriend & said she wants me to die; what is more disturbing is that they actually believe that they have the power to kill people merely by cursing them to die, so by her boyfriend cursing me to die, & the plaintiff's affirmation that she agrees with her boyfriend's curse, this shows they were trying to get me killed. After the plaintiff cursed me to die in the comment section, she later edited her comment to remove my name from the comment, which implies that she knew it made her look bad that she was cursing me to die in a vicious manner). By me having the plaintiff's address, it helps me feel safer from her & her boyfriend. It puts us on an equal field, whereas before they had an advantage by knowing where I lived but me not knowing where they lived. But now that I know her address, maybe they will think twice before attacking me like her boyfriend had threatened or trying to get me killed. I also wanted to know her address in case there was need to contact her in an emergency. I did contact one of the women who lived in the plaintiff's neighborhood, but there was a valid reason for that: my concern for the plaintiff's wellbeing. Two women left bad reviews which were credible &

justified me inquiring with one of the reviewers to ask how bad the living situation really was there.

12. She states that I have not demonstrated any proof from a licensed healthcare professional that I have a mental defect. While I do not consider myself having a mental defect, I do have a mental difference that affects my thinking & my behavior. I have asperger syndrome, which I was diagnosed with as a child. I did not provide proof of it as of yet because I did not think as of yet it was relevant to provide that proof. But if needed in court, I will provide that medical proof. This fact that I have autism also further supports my view that I do not have ill intentions toward her & that my behavior she considered stalking is characteristic of asperger syndrome & is done out of a mostly innocent heart. She says that my display of remorse, innocence, & benevolence is just an act to avoid being responsible for my actions, but this is simply not true. Much of what the plaintiff sees in my behavior & actions is her assumptions about me which are not true. She sees what I do, & thinks the worst possible interpretation of what I have done. But if she interpreted my actions in a more fair & balanced manner, she would see I am not acting maliciously towards her, but that I am trying to do the right thing & that I am truly sorry over how I have hurt her in the past emotionally.

13. The plaintiff thinks I uploaded her three videos for malicious reasons, but this is not true. I uploaded her three videos solely & exclusively as an expression of my fascination with her as a person & to show that I liked her videos. She never once asked me to take down the three videos. She could have asked, & if she had asked, I most likely would have complied with her request. Instead, she initiated a lawsuit against me without any warning. The plaintiff's actions are much more in line with malice than mine, since she is suing me for a ridiculous amount of money over something very minor & piddly & something which is clearly not worth much money at all.

14. The plaintiff says I lied about not distributing the logo & about the dates of distribution. As I

said, around March 10th, all her videos were taken down from my youtube channel. I did not publish them publicly again after that, but I did make a playlist of her videos (which as I said, does not violate copyright). Of her three videos, I must clarify something I did not say earlier in what I filed. In addition to her three videos, I made a video remix of one of her videos, & her logo does appear in that video remix for about 27 seconds. However, I considered that a different video from the three videos she is saying I infringed upon, & I took that video down around the same time as the other videos. But now that I think about it, it could be considered part of the same video. So I will mention that that was the only video which had footage of hers which was uploaded to my channel with her logo in it. But the three videos of hers I loaded to my channel that she is suing me for did not have her logo in them. However as I stated in my earlier response, even if they had her logo in them, that would not constitute a valid basis of not needing the copyright of the videos to be registered first in order to sue for statutory damages, as 17 US section 412 requires. The plaintiff asserts that she did not change the amount she requested, but simply calculated an amount based on what was written in her original complaint. However, by saying $750 per day per video, that results in every video the amount she is asking for being changed (in other words, she effectively changed the total amount she was asking for every day).

15. There is no evidence any substantial injury has occurred to the plaintiff as a result of me having uploaded her three videos to my youtube channel. While it is true that a judgment can be issued to deter future infringement & deterrence of further wrongful conduct, it is not valid for a Judge to say that a defendant must pay the plaintiff suing him for statutory damages if the plaintiff has committed another crime against them. She is attempting to argue that because I have stalked her she should get awarded statutory damages for copyright infringement. But this would be like arguing that if I stole her car after I infringed her copyright, that I should have to pay statutory damages for the copyright infringement because I stole her car. But this would be silly. Yet this is exactly what the plaintiff is trying to do to me. Whether I have stalked her or not should not be a basis of me having to pay her statutory damages.

Dated: 08/07/17

Signature: *Andrew Carlson*

Andrew Carlson

150 Willow Creek Avenue

Schenectady NY, 12304

 

# WISE COUNTY SHERIFF'S OFFICE

SHERIFF RONALD D. OAKES

P. O. Box 916 • Wise, Virginia 24293
Phone (276) 328-3566 • Fax (276) 328-2624

August 1, 2017

Andrew Carlson
Onieu777@gmail.com

Re: FOIA RECORDS REQUEST

Dear Mr. Carlson:

Your FOIA request dated July 31, 2017 was received by the Wise County Sheriff's Office and has accordingly been reviewed and researched. Please find enclosed a copy of the 911 incident reports.

If you have further questions please do not hesitate to contact me.

Sincerely,

Karen D Mullins

Karen T. Mullins
County Attorney

# [WARRANT] OF ARREST—MISDEMEANOR (STATE)

[COMMONWEALTH OF] VIRGINIA   Va. Code § 19.2-71, -72

☒ General District Court   ☒ Criminal   ☐ Traffic
☐ Juvenile and Domestic Relations District Court

[WISE] COUNTY

TO ANY AUTHO[RIZED] OFFICER:

[You are] commanded in the name of the Commonwealth of Virginia forthwith to arrest [and bring the Accused nam]ed before this Court to answer the charge that the Accused, within this city or [county on] 02/26/2017 _____ did unlawfully in violation of Section
DATE

_____, Code of Virginia:
[violate a] protective order issued pursuant to §19.2-152.10.

RECEIVED
FEB 28 2017
WISE COUNTY SHERIFFS' OFFICE
WISE, VA

[I h]ave found probable cause to believe that the Accused committed the offense [based on] the sworn statements of

K. _____ Appalachia PD _____, Complainant.

[Firear]ms ☐ permitted at officer's discretion.   ☒ not permitted.

[ ] PM
[IS]SUED

☐ CLERK   ☒ MAGISTRATE   ☐ JUDGE
Janice Sturgill

---

| CASE NO. | NCIC |
|---|---|

ACCUSED: Carlson, Andrew   75859
LAST NAME, FIRST NAME, MIDDLE NAME

150 Willow Creek Ave.
ADDRESS/LOCATION
Schenectady, NY 12304

To be completed upon service as Summons
Mailing address ☐ Same as above
☐ _____

| RACE | SEX | BORN MO. DAY YR. | HT. FT. IN. | WGT. | EYES | HAIR |
|---|---|---|---|---|---|---|
| W | M | 03/26/1991 | 5' 08" | 140 | GRN | BRO |

SSN: 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

DL#: _____   STATE: _____

☐ Commercial Driver's License

## CLASS 1 MISDEMEANOR

☐ EXECUTED by arresting the Accused named above on this day:
☐ EXECUTED by summoning the Accused named above on this day:
☐ For legal entities other than individuals, service pursuant to Va. Code § 19.2-76.

_____
DATE AND TIME OF SERVICE

_____, ARRESTING OFFICER

_____
BADGE NO, AGENCY AND JURISDICTION

for _____
SHERIFF

Attorney for the Accused: _____

Short Offense Description (not a legal definition):
**VIOLATION OF PROTECTIVE ORDER**

Offense Tracking Number:
**195GM1700001402**

FOR ADMINISTRATIVE USE ONLY
Virginia Crime Code:
**PRT-2114-M1**

(PAGE ONE OF TWO) 07/11

**CRIMINAL COMPLAINT**
Commonwealth of Virginia

RULES 3A:3 AND 7C:3

[X] General District Court
[ ] Juvenile and Domestic Relations District Court

Wise — CITY OR COUNTY

Under penalty of perjury, I, the undersigned Complainant swear or affirm that I have reason to believe that the Accused committed a criminal offense, on or about

2/26/17 DATE OFFENSE OCCURRED, in the [ ] City [ ] County [X] Town

of Appalachia

I base my belief on the following facts: (Print ALL information clearly.)

I was contacted by Melinda Scott on 2/26/17 @ approx 8:30am in regards to Andrew Carlson violating her protective order. Mr. Carlson on 2/25/17 and 2/26/17 made contact by electronic means to her fiancé. This violates the provisions of the 2 year protective order that states no contact in any form to victims family, household members, or friends. I am charging Mr. Carlson with violating a protective order.

The statements above are true and accurate to the best of my knowledge and belief.

In making this complaint, I have read and fully understand the following:
- By swearing to these facts, I agree to appear in court and testify if a warrant or summons is issued.
- The charge in this warrant cannot be dismissed except by the court, even at my request.

Chief Joyner, Kenneth W.
NAME OF COMPLAINANT (LAST, FIRST, MIDDLE) (PRINT CLEARLY)

SIGNATURE OF COMPLAINANT

Subscribed and sworn to before me this day.
2/27/2017 11:52am
DATE AND TIME

[ ] CLERK [X] MAGISTRATE [ ] JUDGE

FORM DC-311 REVISED 07/11 (A160362 7/15)

---

**CRIMINAL COMPLAINT**

ACCUSED: Name, Description, Addr

Carlson, Andrew
LAST NAME, FIRST NAME, MIDDLE

150 Willow Creek

Schenectady, NY

COMPLETE DATA BELOW IF KNOWN

| RACE | SEX | BORN | | | HT. | | WT. |
|---|---|---|---|---|---|---|---|
| | | MO. | DAY | YR. | FT. | IN. | |
| W | M | 3 | 26 | 91 | 5 | 8 | 14 |

SSN: 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

[ ] Complainant is not a law-enforcer animal control officer. Authoriza[tion for] issuance of felony arrest warrant g[iven by:]
[ ] Commonwealth's attorne[y]
[ ] Law-enforcement agency jurisdiction over alleged

NAME OF PERSON AUTHORIZING ISSUANCE

DATE AND TIME AUTHORIZATION

## EXTRADITION AUTHORIZATION

TO:  SHERIFF RONALD D. OAKES,
     WISE COUNTY AND THE CITY OF NORTON

FROM: COMMONWEALTH'S ATTORNEY C.H. SLEMP, III,
      WISE COUNTY AND THE CITY OF NORTON

RE:
NAME:  Andrew Carlson

CHARGES:  18.2-60.4

DATE OF INDICTMENT/WARRANT/SUMMONS:  2/27/17

In response to your request concerning extradition of the above individual, please be advised this office has determined the following action is appropriate:

☐ **1 FULL EXTRADITION**
(ANY U.S. JURISDICTION)

☐ **2 LIMITED EXTRADITION**
(EXTRADITE FROM ANY JURISDICTION LOCATED EAST OF THE MISSISSIPPI RIVER)

☐ **3 EXTRADITION-SURROUNDING STATES ONLY**
(MARYLAND, DISTRICT OF COLUMBIA, WEST VIRGINIA, KENTUCKY, TENNESSEE, OR NORTH CAROLINA)

☒ **4 NO EXTRADITION**  *OR WITHIN A 100 MILES RADIUS OF WISE COUNTY*
(WILL PICK UP ANYWHERE IN VIRGINIA)

☐ **PLACE SUMMONS/PAPER ON FILE**

NOTE: _____

If extradition is approved above, you are authorized to verify that fact to any arresting agency meeting the above limitations.
If you have any questions, please contact the Wise County Commonwealth's Attorney Office.

_____          _____
DATE                             COMMONWEALTH'S ATTORNEY

The Honorable
C.H. Slemp, III

Office of the
Commonwealth's

## CERTIFICATE OF SERVICE

I, Andrew Carlson, do hereby certify that on this 7th day of August 2017, my response to the Plaintiff's reply memorandum was mailed to the Abingdon Division of the Western District Court of Virginia, & that I mailed & emailed a copy of my response to the Plaintiff's reply memorandum to the Plaintiff, Melinda Scott, via her PO BOX address, PO BOX 1133-2014PMB87, Richmond VA, 23218, & via her email address TCO.OutdoorRec@gmail.com.

Sincerely,

Andrew Carlson