# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | | |
|---|---|---|
| **MELINDA SCOTT,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:17CV10011 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **ANDREW CARLSON,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Melinda Scott, Pro Se Plaintiff; Andrew Carlson, Pro Se Defendant.*

The plaintiff in this case, proceeding pro se, seeks injunctive relief and damages for copyright infringement. Because she has not satisfied the preregistration requirement for an infringement suit, I will grant the defendant's Motion to Dismiss and deny the plaintiff's Motion for Summary Judgment and Motion to Strike.

I.

The plaintiff claims that the defendant is distributing videos that belong to the plaintiff's business without her consent, and that the defendant is distributing videos containing the logo of the plaintiff's company. She asks the court to order the defendant to remove all of her videos from YouTube — the internet video-sharing service — and to prohibit him from distributing any written material that belongs to her or her business. She seeks damages in the amount of $750 per

video, per day that it was published, as well as damages for any additional copyright infringements occurring between the date her Complaint was filed and a future hearing in this case.[1]

The plaintiff has moved for "Summary Judgment on the Pleadings pursuant to Rule 12(c) and Rule 56." Mot. for Summ. J. 1, ECF No. 14. The defendant has filed a Motion to Dismiss. The motions have been fully briefed and are ripe for decision.[2] The plaintiff also filed a Motion to Strike in response to the defendant's Motion to Dismiss. I will treat this motion as the plaintiff's brief in opposition to the Motion to Dismiss.

II.

The Copyright Act, 17 U.S.C. § 501(b), grants a copyright owner the right to sue for infringement. A copyright infringement action thus arises under federal law for purposes of the federal question jurisdiction statute, see 28 U.S.C. § 1331, and Congress also separately provided for federal jurisdiction over intellectual property cases, 28 U.S.C. § 1338(a).

---

[1] Although the plaintiff indicated on the case's civil cover sheet that the court's subject-matter jurisdiction was based on diversity of citizenship, it is clear from her briefs that she is relying on federal law and thus the court has federal question jurisdiction over this case.

[2] Both motions and the responses and replies filed in support and opposition thereof are replete with assertions of fact that are irrelevant to the copyright infringement claim presented by the case. Therefore, I will not address all of the parties' contentions.

2

III.

"The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint. . . ." *Edwards v. City of Goldsboro,* 178 F.3d 231, 243 (4th Cir. 1999). A motion to dismiss "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin,* 980 F.2d 943, 952 (4th Cir. 1992). In ruling on a motion to dismiss, the court must regard as true all of the factual allegations contained in the complaint, *Erickson v. Pardus,* 551 U.S. 89, 94 (2007), and must view those facts in the light most favorable to the plaintiff. *Christopher v. Harbury,* 536 U.S. 403, 406 (2002). Where the plaintiff is proceeding without a lawyer, the court has an obligation to construe the complaint liberally. *See Vinnedge v. Gibbs,* 550 F.2d 926, 928 (4th Cir. 1977).

The defendant argues, among other things, that the Complaint must be dismissed because the plaintiff did not register her copyrights as required to recover statutory damages under 17 U.S.C. § 412. The plaintiff responds that whether she preregistered her work is irrelevant because she is seeking statutory damages under 17 U.S.C. §§ 504 and 501. She asserts that she is entitled to relief under 17 U.S.C. §§ 106A(a) and 412.

The Copyright Act generally provides that "no civil action for infringement of the copyright in any United States work shall be instituted until preregistration

or registration of the copyright claim has been made in accordance with this title." 17 U.S.C. § 411(a). The Supreme Court held in 2010 that this "registration requirement is a precondition to filing a claim that does not restrict a federal court's subject-matter jurisdiction." *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 157 (2010). Nevertheless, the registration requirement is an element of a cause of action for infringement that must be pleaded and proved by the plaintiff. *See Fourth Estate Pub. Benefit Corp. v. Wall-Street.Com, LLC*, 856 F.3d 1338, 1342 (11th Cir. 2017); *Airframe Sys., Inc. v. L-3 Commc'ns Corp.*, 658 F.3d 100, 105 (1st Cir. 2011).

There is no exception to the preregistration requirement for infringement suits seeking statutory damages under 17 U.S.C. § 504. That section of the Copyright Act simply sets forth the damages to which a successful plaintiff may be entitled. Section 501 explicitly states that a copyright owner's right to relief is "subject to the requirements of section 411," which requires registration. 17 U.S.C. § 501(b).

The plaintiff's reliance on 17 U.S.C. § 106A(a) does not save her Complaint. Section 411 does include an exception to the preregistration requirement for actions brought under § 106A(a). That subsection addresses works of visual art. As the defendant correctly notes, however, the Copyright Act explicitly excludes a "motion picture or other audiovisual work" from the definition of a "work of visual

art." 17 U.S.C. § 101. The plaintiff's videos are thus subject to the general rule requiring registration of copyrighted works as a prerequisite to filing suit for infringement. Because the Complaint does not allege that the plaintiff registered the videos at issue, it fails to state a claim upon which relief can be granted.

The plaintiff contends that the company logo displayed on the videos is a work of visual art under § 106A(a) that is exempt from the registration requirement. Section 106A, known as the Visual Artists Rights Act ("VARA"), applies only to a very narrow subset of copyrightable works, namely paintings, drawings, prints, sculptures, and still photographic images produced for exhibition purposes. 17 U.S.C. § 101; *Kelley v. Chi. Park Dist.*, 635 F.3d 290, 300 (7th Cir. 2011); *Pollara v. Seymour*, 344 F.3d 265, 269-70 (2d Cir. 2003) (discussing legislative history of VARA). Under VARA, "[d]rawings and paintings are protected, but only if they do not advertise or promote." *Id.* at 269. The statutory definition of a "work of visual art" expressly excludes "any merchandising item or advertising, promotional, descriptive, covering, or packaging material or container." 17 U.S.C. § 101. I find that the term "work of visual art" as used in § 106A(a) does not include a company logo. *See Kleinman v. City of San Marcos*, 597 F.3d 323, 329 (5th Cir. 2010) (finding that an item which was a distinctive symbol of the owner's business did not qualify as a work of visual art). Therefore,

the plaintiff cannot avail herself of the exception to the registration requirement for works of visual art.

IV.

For the foregoing reasons, it is **ORDERED** that the Motion to Dismiss (ECF No. 16) is GRANTED, the Motion to Strike (ECF No. 22) is DENIED, and the Motion for Summary Judgment (ECF No. 14) is DENIED.  A separate final order dismissing the case will be entered herewith.

ENTER:  August 21, 2017

/s/  James P. Jones
United States District Judge